Jeremy C. Reutzel (10692)
BENNETT TUELLER JOHNSON & DEERE
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Email: jreutzel@btjd.com

Jeffrey W. Johnson (Arizona Bar No. 024435) *(pro hac vice pending)*
SCHMITT SCHNECK EVEN & WILLIAMS, P.C.
1221 East Osborn Road, Suite 105
Phoenix, AZ 85014
Telephone: (602) 277-7000
Emails: jeffjohnson@azbarristers.com

*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| BEACH BAGS SERVICES, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LOGICC MARKETING, LLC d/b/a<br>SHOREHOLD,<br><br>        Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>        Civil No. _____<br><br>        Judge: _____ |

Plaintiff Beach Bags Services, LLC ("**Beach Bags**" or "**Plaintiff**"), by and through

undersigned counsel, complains against Defendant Logicc Marketing, LLC d/b/a Shorehold

("**Shorehold**" or "**Defendant**") and alleges as follows:

**NATURE OF THE CASE**

1.      This action is for, among other things, patent infringement arising under the

patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement of U.S. Patent

No. 12,600,435 ("*'435 Patent*" or "*Patent-in-Suit*"), of which Beach Bags is the exclusive licensee.

2.　　Defendant Shorehold has been and is infringing the Patent-in-Suit in violation of 35 U.S.C. § 271 by manufacturing, using, importing, selling, and/or offering for sale in the United States products, methods, processes, services and/or systems that infringe the '435 Patent, including but not limited to the Shorehold Freedom Houseboat Anchoring System ("*Accused Products*").

3.　　This action is also for trademark infringement, unfair competition, false designation of origin, and deceptive trade practices under § 43 of the Trademark Act of 1946, 15 U.S.C. § 1125, and Utah Code §§ 13-11a-3, and 70-3a-101 *et seq.*

4.　　Defendant Shorehold has been and is engaging in unfair competition and infringing Beach Bags' trademark in violation of 15 U.S.C. § 1125 and Utah Code at least by using Beach Bags' business name and trademark in conjunction with advertising, marketing, and sale of products that directly compete with Beach Bags' goods and services.

## THE PARTIES

5.　　Beach Bags is a limited liability company organized under the laws of the State of Arizona, with its principal place of business located in Scottsdale, Arizona. Beach Bags is the exclusive licensee of the '435 Patent, which covers the water bladder anchor systems that Beach Bags markets and sells, and Beach Bags owns the Beach Bags business name and mark under which those products are sold.

6.　　Because of Hotwire Development LLC's ("*Hotwire*") innovation in the area of water bladder anchor systems, Hotwire has obtained several U.S. patents covering water

bladder anchor systems, including the '435 Patent and U.S. Patent Nos. 10,780,952, 11,548,594, 12,252,219 (the "***Hotwire Patents***").

7.      Beach Bags is the exclusive licensee of the Hotwire Patents, and the license gives Beach Bags all substantial rights in the Hotwire Patents, including the right to enforce its rights under the license by pursuing patent infringement litigation and other legal action to enforce the Hotwire Patents, including but not limited to the '435 Patent.

8.      Upon information and belief, Shorehold is a limited liability company organized under the laws of the State of Utah, with its principal place of business at 3339 E. Castle Cary Circle, Eagle Mountain, Utah 84005. Shorehold manufactures, markets, offers for sale, and sells water bladder anchor products throughout the United States, including within this District, through its website at www.shorehold.com.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action because it is a claim for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a), arising under the patent laws of the United States, Title 35 of the United States Code, and because it is a claim for unfair competition and trademark infringement pursuant to 15 U.S.C. § 1125, arising under the laws of the United States, § 43 of the Trademark Act of 1946, and 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

10.      Shorehold actively markets and sells the Accused Products within Utah and this District, as well as in Arizona and other locations. For example, as evidenced on Shorehold's website, Shorehold markets and sells the Accused Products to boaters on Lake Powell in Utah.

Shorehold also maintains its principal place of business in this District, where, on information and belief, Shorehold conducts business activities relating to the Accused Products.

11.     Shorehold has committed and continues to commit acts of patent and trademark infringement and unfair competition in the United States and in Utah, including by offering to sell and/or selling the Accused Products in Utah, and/or inducing others to commit acts of patent infringement in Utah, and improperly using Beach Bags' business name and trademark in conjunction with the sale and marketing of the Accused Products in Utah.

12.     This Court has personal jurisdiction over Shorehold because Shorehold is organized under the laws of Utah, resides in and is a citizen of Utah, maintains its principal place of business in Utah, and has committed and continues to commit acts of patent infringement and trademark infringement in Utah.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because this is an action for patent and trademark infringement, and Shorehold resides in this District, has committed acts of infringement in this District (e.g. the sale and offer for sale of infringing products), and has a regular and established place of business in this District, including at least Shorehold's physical location at 3339 E. Castle Cary Circle, Eagle Mountain, Utah 84005, from where, on information and belief, the operations of Shorehold are directed and controlled.

## FACTUAL BACKGROUND

A.     **Beach Bags' Business and Innovations**

14.     Since at least as early as 2021, Beach Bags has publicly operated its water bladder anchor products and services business under the name Beach Bags (the "***Beach Bags***

4

*Mark*") and has continuously used the Beach Bags Mark both as its business name and to identify its licensed, innovative water bladder anchor systems for securing boats to shorelines.

15.    Anchoring boats at rocky shorelines such as, e.g., Lake Powell and Lake Mead historically required driving stakes into the rock shoreline. This practice is environmentally damaging, and laws have since been enacted prohibiting it at Lake Powell and Lake Mead. Hotwire invented a non-destructive anchoring solution to fill this need.

16.    Hotwire has invested substantial resources developing, commercializing, and protecting its proprietary water bladder anchor technology, including by pursuing the Hotwire Patents, and Beach Bags has paid and continues to pay valuable consideration for the exclusive license to these patents.

17.    Beach Bags operates a webpage at the URL beachbagsanchors.com ("*Beach Bags Website*") where it offers information about its products and services to customers, and where it markets and sells those products and services, including its patented anchors.

18.    After Hotwire invented its water bladder anchor technology, Shorehold began selling the Accused Products, which incorporate Hotwire's innovative, patented technology, in competition with Beach Bags' own water bladder anchor products, despite the fact that Beach Bags is the exclusive licensee of Hotwire's water bladder anchor patents.

19.    Shorehold continues to market and sell the Accused Products as of the filing of this action, including at its website, www.shorehold.com, (the "*Shorehold Website*").

20.    The Shorehold Website repeatedly and frequently displays the Beach Bags Mark on multiple pages.

21. For example, as of the date of the filing date of this action, 5 of the 8 main pages on the Shorehold Website display the Beach Bags Mark multiple times on each page, including in a highlighted banner at the top of each of those pages and elsewhere on each of those pages.

22. For example, the Shorehold Website main page (shorehold.com/home) displays the Beach Bags Mark prominently in a banner at the top of the page, and twice at the very bottom.

23. As a further example, on its Shorehold Website "legal" page, Shorehold displays the Beach Bags Mark name no fewer than 13 times, more times than Shorehold displays its own name.

24. On information and belief, Shorehold uses the Beach Bags Mark on its Shorehold Website no fewer than 25 times.

25. On information and belief, Shorehold is using Beach Bags' name to increase the likelihood that consumers searching for Beach Bags will instead see Shorehold information.

26. For example, and as described in greater detail below, a Google search for "Beach Bags Lake Powell" returns, as its very first and most prominent result—before any Beach Bags information—a sponsored ad by Shorehold that links to the Shorehold Website and prominently displays the Beach Bags Mark twice, the ad's most dominant feature.

27. On information and belief, consumers who search for "Beach Bags Lake Powell" and immediately see a search result prominently displaying the Beach Bags Mark as the very first result are likely to be confused into thinking that the resulting link is for Beach Bags, and are likely to click on the link and be misdirected to Defendant Shorehold's Website.

28.    On information and belief, Shorehold is intentionally using the Beach Bags Mark to cause confusion, both by using it at a high frequency on the majority of the pages at its own website to influence SEO algorithms, and by using the Beach Bags Mark in sponsored advertising to misdirect consumers to its site to the detriment of Beach Bags.

**B.   The Patent**

29.    Beach Bags is the exclusive licensee of the '435 Patent, entitled "Anchor System," which was duly and legally issued by the United States Patent and Trademark Office on April 14, 2026. A true and correct copy of the '435 Patent is attached hereto as **Exhibit A**.

30.    The '435 Patent claims priority back to U.S. Provisional Patent Application No. 62/864,473, filed on June 20, 2019, and is related to U.S. Patent Nos. 10,780,952, 11,548,594, and 12,252,219, all of which are also licensed by Beach Bags.

31.    The '435 Patent is valid, enforceable, and in full force and effect.

32.    The '435 Patent covers, among other things, methods of anchoring a boat to a shore using water bladder anchors having bladder shells with water inlets and harness and bridle configurations. Claim 12 of the '435 Patent, an independent method claim, recites:

A method of anchoring a boat to a shore:

i.    providing at least one water bladder anchor configured to be filled with water and comprising a bladder shell with a water inlet and a bridle harness beneath the at least one water bladder anchor, the bridle harness comprising at least one harness strap;

ii.    positioning the at least one water bladder anchor on a shore adjacent a body of water in which a boat is floating near the shore;

7

iii.    filling the at least one water bladder anchor by pumping water into the bladder shell through the water inlet;

iv.    attaching an anchor line of the boat to the at least one water bladder anchor by connecting the anchor line to the harness of the at least one water bladder anchor; and

v.    securing the boat to the shore by tightening the anchor line.

## C.  Shorehold's Infringing Products and Activities

33.    Shorehold manufactures, markets, offers for sale, and sells the Accused Products under the "Shorehold" brand name, including through its website at www.shorehold.com.

34.    The Accused Products are water bladder anchors designed to be placed on a shoreline and filled with water pumped from an adjacent body of water to anchor watercraft to the shore.

35.    Shorehold markets the Accused Products for use at Lake Powell and other lakes.

36.    The Accused Products incorporate each of the structural features of method claims of the '435 Patent, including Claim 12.

37.    More specifically, the below image captured from the Shorehold Website (annotations and red callouts added for clarity) shows the Accused Products having:

A.    A bladder shell with a water inlet;

B.    A bridle harness positioned beneath the water bladder anchor; and

C.    Harness straps extending from the harness for attachment to the boat's anchor line.

8



38.    The Shorehold Website demonstrates the infringing method of use through photographs, videos, and marketing materials, depicting the Accused Products being positioned on a shoreline, filled with water pumped from an adjacent body of water through the water inlet, and connected to a boat via an anchor line attached to the harness, which is then tightened to secure the boat to shore.

39.    The below images captured from the Shorehold Website show the Accused Products:

A.      Positioned on a shoreline;



B.      Filled with water pumped from an adjacent body of water through the water

inlet;



C.      Connected to a boat via an anchor line attached to the harness; and



D.    The harness tightened to secure the boat to shore.



40.    Shorehold also offers and sells pump kits as part of and for use with the Accused Products, including pumps that pump water at a flow rate of between 150 and 300 gallons per minute.

41.    The Accused Products have no non-infringing use and are specially designed and adapted for use (and their only commercially viable use is) in practicing the patented method of anchoring a boat to a shore using a bladder anchor with a harness and bridle.

**D.    Shorehold's Notice of Infringement and Willful Conduct**

11

42.     On August 4, 2025, a Beach Bags representative, in an online meeting, informed Shorehold of U.S. Patent Nos. 10,780,952, 11,548,594, 12,252,219 and the then-pending Hotwire patent application that later issued as the '435 Patent.

43.     On March 24, 2026, Hotwire, through counsel, sent Shorehold a cease-and-desist letter further notifying Shorehold of U.S. Patent Nos. 10,780,952, 11,548,594, 12,252,219 and the then-pending Hotwire patent application that later issued as the '435 Patent, identifying the Accused Products as infringing, and demanding that Shorehold cease its infringing activities.

44.     On April 14, 2026, the '435 Patent issued. That same day, Hotwire's counsel sent a follow-up letter to Shorehold's counsel, providing a copy of the '435 Patent and information sufficient to demonstrate that the Accused Products and their demonstrated method of use infringe at least claims 12, 13, 15, 16, 19 and 20 of the '435 Patent.

45.     Despite repeated notice of the Hotwire Patents and detailed infringement analysis, Shorehold has continued to manufacture, market, offer for sale, sell, and encourage the infringing use of the Accused Products, making Shorehold's infringement deliberate.

## BEACH BAGS' NAME AND TRADEMARK RIGHTS

46.     Beach Bags has used the Beach Bags Mark in connection with its water-bladder-related business activities since at least 2021.

47.     Beach Bags has publicly operated its business under the name Beach Bags since at least a 2021.

48.     Beach Bags has continuously used the Beach Bags Mark in connection with its water bladder anchor products and services since 2021.

49.     The Beach Bags Mark has been uniquely associated with Beach Bags' water bladder anchor products and services in the minds of consumers since at least 2021.

50.     As a result of Beach Bags' continuous use of the Beach Bags Mark, including advertisement, marketing, and sales utilizing the Beach Bags Mark, the Beach Bags Mark has become an asset of substantial value to Beach Bags as a distinctive indication of the origin and quality of Beach Bags' goods and services to residents of Utah, Arizona, and other states.

51.     Beach Bags has purposefully, and at great expense, developed significant and valuable goodwill in the Beach Bags Mark.

52.     Since at least 2021, Plaintiff has regularly and ubiquitously used the Beach Bags Mark as its customer-facing business name for its activities related to its Beach Bag water bladder anchor products, and for its Beach Bag water bladder anchors.

53.     Customers have come to identify Beach Bags as a leading supplier of water bladder anchor products, and the only source of the patented Beach Bags water bladder anchor.

### SHOREHOLD'S WRONGFUL USE OF THE BEACH BAGS MARK

54.     Customers and consumers in the United States searching for goods and services, including customers interested in purchasing goods and services from Beach Bags, frequently use the internet to locate and purchase those goods and services.

55.     Because consumers frequently search for goods and services using the internet, businesses often utilize Google Ads (also referred to in Google searches as a "Sponsored Result") to promote their businesses. Google Ads allow an advertiser to bid for keywords so that a business appears in search results when consumers search those keywords.

56.     A Google Ad includes a more prominent "headline" area that contains featured words and also contains descriptions and "snippets" of information below the headline

13

displayed in a smaller font. These descriptions and snippets are customarily written to contain product or business information relevant to the search.

57.     A Google Ad also displays the URL associated with the ad (URL of the company purchasing the ad), displayed in the smallest font in the ad.

58.     Shorehold has purchased Google Ads to advertise its business. Upon information and belief, Shorehold has invested in specific keywords, including the Beach Bags Mark, so that the Shorehold website appears higher in listings when consumers search for those keywords, including the Beach Bags Mark.

59.     Shorehold's Google Ad campaigns are misleading and designed to confuse customers and direct traffic to the Shorehold Website rather than the Beach Bags Website.

60.     Upon information and belief, Shorehold's Google Ads campaign uses the Beach Bags Mark to mislead customers and cause confusion between Beach Bags and Shorehold with respect to water bladder beach anchors.

61.     As noted previously, a Google search for "Beach Bags Lake Powell" (the Beach Bags Mark, plus the words Lake Powell, where Beach Bags does the vast majority of its business) returns a Shorehold misleading Google Ad as the very first and most prominently featured search result. **Exhibit B** shows the search result.

62.     Figure 1 below is the Google Ad portion of Exhibit B and shows the Google Ad headline (the most prominent feature of the Google Ad) stating "Beach bags lake powell – Beach Bags Alternative" in the largest font of any of the other text in the Google Ad.

Figure 1.



63.    In Figure 1, immediately below the headline, "Beach bags lake powell – Beach Bags Alternative", the ad says "Our anchors are designed for Lake Powell houseboats. Our system is built to last, using durable materials and tested in real-world conditions", and immediately below that is text that says, "Contact US" (listing the hours of operation), immediately followed by additional text that says, "About Us" with an invitation to "Learn all about us Get to know us."

64.    More specifically, a consumer who has searched for "Beach Bags Lake Powell" is confronted with a headline—the most prominent feature of the Google Ad—that uses the Beach Bags Mark twice. Immediately below, the ad states "Our anchors…," which the consumer is likely to understand as referring to Beach Bags; invites the consumer to "Contact Us," which the consumer is likely to understand as an invitation to contact Beach Bags; and, further below, under an "About Us" headline, invites the consumer to "Learn all about us" and "Get to know us," again with no intervening mention of Shorehold. Because nothing in this sequence identifies Shorehold, the consumer is likely to be confused into incorrectly believing that they are dealing with Beach Bags.

65.     The Google Ad in Figure 1 mentions Shorehold in only three places: in the body of the ad, below the sections described above, in a "Shop Shorehold" section; in tiny font, as the URL displayed as part of the search result; and in small font, in conjunction with that URL.

66.     The overall effect of the above Google Ad, shown in response to a consumer's search for the Beach Bags Mark together with Lake Powell, the location where Beach Bags does the vast majority of its business, is to confuse consumers who were searching for Beach Bags into thinking that they have reached their desired result, and to cause them to click, in error, on a link that will take them not to the Beach Bags Website, but to the Shorehold Website.

67.     By way of another example, in addition to this Google Ad being prominently displayed (as the very first search result) when the term Beach Bags Lake Powell is searched, this same confusing ad (with slightly different Google Ad headline wording that still prominently features the Beach Bags Mark) is displayed when searches are performed using the terms "Beach Bags anchor," which is the Beach Bags Mark plus the descriptive name of the good (anchor). **Exhibit C** shows this search result.

68.     As with the previous example, consumers seeking a Beach Bags anchor or related Beach Bags service who type "Beach Bags anchor" into the search bar to locate that specific good or service are presented with the very same Google Ad described above, with a slightly modified headline that still features the Beach Bags Mark as its most prominent element, using the text "Beach Bags anchor." Consumers seeing this result are likely to be confused, for at least the same reasons stated above, into visiting the Shorehold Website rather than the one they were searching for (the Beach Bags Website), all to the detriment of Beach Bags.

16

69.     Upon information and belief, Shorehold purposefully chose to use the Beach Bags Mark and designed its advertisement using that mark in a way to purposefully mislead and confuse customers, including as to the affiliation, connection, association, origin, sponsorship, or approval of Beach Bags.

70.     Upon information and belief, Shorehold's misuse of the Beach Bags Mark has diverted sales of products and services away from Beach Bags, resulting in financial damage as well as damage to the value and goodwill of the Beach Bags Mark.

71.     On information and belief, Shorehold was aware of Beach Bags as an entity supplying Beach Bags water bladder systems and services, and of Beach Bags' rights in the Beach Bags Mark before Shorehold began using the Beach Bags Mark.

72.     Upon information and belief, Shorehold's misuse of the Beach Bags Mark has been ongoing since at least July of 2025.

73.     On information and belief, because of Shorehold's frequent and improper use of the Beach Bags Mark, consumers seeking Beach Bags products are being steered to Shorehold's website to the detriment of Beach Bags' sales of its goods and services.

74.     This harm to Beach Bags, including at least reputational harm and financial harm, will continue unless and until Shorehold is prevented from using the Beach Bags Mark.

## FIRST CAUSE OF ACTION

### Direct Infringement of U.S. Patent No. 12,600,435 (35 U.S.C. § 271(a))

75.     Beach Bags incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein.

76.    Shorehold has directly infringed and is currently directly infringing the '435 Patent under 35 U.S.C. § 271(a) by practicing, without authority or permission, each and every step of one or more method claims of the '435 Patent.

77.    As a non-limiting example, as shown above, Shorehold directly infringes at least Claim 12 of the '435 Patent, including when Shorehold assembles, sets up, tests, and demonstrates the Accused Products, and in the photographs and videos published on the Shorehold Website depicting Shorehold performing the patented anchoring method.

(a)    More specifically, each element of Claim 12 is practiced as described and shown above and on Shorehold's website, at least because: 1. The Accused Products are water bladder anchors configured to be filled with water; 2. They comprise a bladder shell with a water inlet, a bridle harness that extends beneath the water bladder anchor, and harness straps (in the form of canvas straps) that extend from the harness; 3. Shorehold places and instructs users to place the Accused Products on a shore adjacent a body of water in which a boat is floating, as demonstrated on its website, including at Lake Powell; 4. Shorehold fills and demonstrates filling the Accused Products by pumping water from the adjacent body of water through the water inlet into the bladder shell; 5. The boat's anchor line is connected to the harness straps of the Accused Products; 6. Once the anchor line is connected to the harness, the boat is secured to the shore by tightening the anchor line.

78.    Shorehold also directly infringes at least dependent claims 13, 15, 16, 19, and 20 of the '435 Patent by practicing, without authority or permission, each and every step of the following method claims:

(a) Claim 13 (bridle substrate with fixedly attached harness and harness strap): The Accused Products include a bridle substrate, and the harness strap is fixedly attached to the bridle substrate by sewing.

(b) Claim 15 (attaching multiple anchor lines to multiple water bladder anchors): Shorehold's website depicts and promotes attaching multiple anchor lines of the boat to multiple Accused Products simultaneously.

(c) Claim 16 (pumping water at a flow rate of between 150-300 gallons/minute): The pumps recommended for use and sold by Shorehold as part of its pump kits pump water at a flow rate of between 150 and 300 gallons per minute.

(d) Claim 19 (water bladder anchor stably positioned on a surface having a sloped angle of up to 20 degrees while pumping): Shorehold's marketing materials and website demonstrate the Accused Products being placed on slopes of up to 20 degrees while the pump is filling the bladder shell.

(e) Claim 20 (pumping water by placing at least a portion of the pump in the body of water): Shorehold's website demonstrates placing at least a portion of the pump in the body of water while pumping water from the body of water into the bladder shell.

79. Shorehold has had actual knowledge of the '435 Patent since at least April 14, 2026, making Shorehold's continued infringement of the '435 Patent willful and deliberate, justifying enhanced damages under 35 U.S.C. § 284.

80. Shorehold is not and has never been licensed or otherwise authorized by Beach Bags, the exclusive licensee of the '435 Patent, to practice any claim of the '435 Patent.

19

81.     As a direct and proximate result of Shorehold's infringement, Beach Bags has suffered and will continue to suffer damages, including lost profits in an amount to be proven at trial, but in no event less than a reasonable royalty as provided by 35 U.S.C. § 284.

82.     Shorehold's continuing acts of direct infringement are causing and will continue to cause Beach Bags irreparable harm for which monetary damages are inadequate. Unless enjoined by this Court, Beach Bags will continue to suffer irreparable injury.

## SECOND CAUSE OF ACTION

### Induced Infringement of U.S. Patent No. 12,600,435 (35 U.S.C. § 271(b))

83.     Beach Bags incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein.

84.     Shorehold customers in Arizona and Utah directly infringe the '435 Patent, including at least claims 12, 13, 15, 16, 19 and 20.

85.     Shorehold has actively induced and continues to actively induce direct infringement of one or more claims of the '435 Patent by its customers, marinas, distributors, and other third parties in violation of 35 U.S.C. § 271(b).

86.     Shorehold has actual knowledge of the '435 Patent and actual knowledge that its customers' use of the Accused Products constitutes direct infringement of the '435 Patent not later than April 14, 2026.

87.     Despite actual knowledge of the '435 Patent, Shorehold specifically intends to and does encourage its customers to use the Accused Products in the manner claimed by the '435 Patent. Shorehold takes affirmative steps to induce infringement by its customers, including by:

20

(a)      Publishing instructions, photographs, videos, and demonstrations on the Shorehold Website showing customers how to use the Accused Products in the patented manner, including positioning the anchor on a shoreline, filling it with water pumped from the body of water, attaching the boat's anchor line to the harness, and tightening the anchor line to secure the boat to shore;

(b)      Marketing the Accused Products specifically for use in anchoring boats at Lake Powell and similar water bodies where the patented method is the primary intended use;

(c)      Selling pump kits as part of and along with the Accused Products and providing recommendations for pumps specifically suited for filling the Accused Products in the patented manner; and

(d)      Providing customer support and guidance that instructs and encourages customers to use the Accused Products in the patented manner.

88.      Each customer who uses the Accused Products in the manner demonstrated and instructed by Shorehold directly infringes one or more claims of the '435 Patent, including at least Claims 12, 13, 15, 16, 19 and 20.

89.      Shorehold's inducement is knowing and intentional. Shorehold continues these activities despite actual knowledge of the '435 Patent and that its customers' use of the Accused Products in an infringing manner directly infringes the '435 Patent.

90.      As a direct and proximate result of Shorehold's inducement of infringement, Beach Bags has suffered and will continue to suffer substantial damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

91.    Shorehold's continuing inducement of infringement is causing and will continue to cause Beach Bags irreparable harm for which monetary damages are inadequate. Unless enjoined by this Court, Beach Bags will continue to suffer irreparable injury.

### THIRD CAUSE OF ACTION

**Contributory Infringement of U.S. Patent No. 12,600,435 (35 U.S.C. § 271(c))**

92.    Beach Bags incorporates by reference the allegations of each of the foregoing paragraphs as though fully set forth herein.

93.    Shorehold has contributorily infringed and continues to contributorily infringe the '435 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and importing into the United States the Accused Products and associated pump kits, knowing the same to be especially made or especially adapted for use in the infringement of the '435 Patent and knowing them not to be a staple article or commodity of commerce suitable for substantial non-infringing use.

94.    The Accused Products are material parts of the invention of the '435 Patent, and especially made and especially adapted for use in practicing the patented method of the '435 Patent. The Accused Products are specifically designed with a bladder shell, water inlet, and bridle harness with harness straps that together constitute the material part of the patented invention. There is no substantial non-infringing use for the Accused Products. The Accused Products have no purpose or commercially viable use other than the practice of the patented method of anchoring a boat to a shore using a water bladder anchor with a harness and bridle configuration.

95. Shorehold has actual knowledge of the '435 Patent and actual knowledge that the Accused Products are especially made and especially adapted for use in infringing the '435 Patent, as described above.

96. Customers who purchase and use the Accused Products directly infringe one or more claims of the '435 Patent, including at least Claims 12, 13, 15, 16, 19 and 20, when they use those products to anchor boats to shores in the manner designed, intended, demonstrated, and instructed by Shorehold.

97. As a direct and proximate result of Shorehold's contributory infringement, Beach Bags has suffered and will continue to suffer substantial damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

98. Shorehold's continuing contributory infringement is causing and will continue to cause Beach Bags irreparable harm for which monetary damages are inadequate. Unless enjoined by this Court, Beach Bags will continue to suffer irreparable injury.

## FOURTH CAUSE OF ACTION

### Unfair Competition/False Designation of Origin 15 U.S.C. § 1125

99.     Beach Bags re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

100.     Shorehold's use of the Beach Bags Mark is deceptive and likely to cause mistake and confusion regarding whether Shorehold's goods and services originate from Beach Bags, or are sponsored, or approved of, by Beach Bags.

101.     By its aforementioned acts, Shorehold has infringed Beach Bags' federal trademark rights in the Beach Bags Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

102.     Shorehold utilizes the Beach Bags Mark in misleading advertising using the Beach Bags Mark in keywords and promoted ads, and on its Shorehold Website in an attempt to mislead and confuse customers as to the affiliation, connection, association, origin, sponsorship, or approval of Beach Bags' products and services.

103.     Upon information and belief, Shorehold's conduct as alleged herein is willful and is intended to cause, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Shorehold with Beach Bags.

104.     Shorehold's conduct is causing immediate and irreparable harm and injury to Beach Bags, and to its goodwill and reputation, and will continue to both damage Beach Bags and confuse the public unless enjoined by this court.

105.     Beach Bags has suffered damage as a result of Shorehold's unlawful actions.

106.     Shorehold's actions as described above are willful and with knowledge of Beach Bags' rights in the Beach Bags Mark.

107.    Pursuant to 15 U.S.C. § 1117, Beach Bags is entitled to damages.

## FIFTH CAUSE OF ACTION

### Deceptive Trade Practices under Utah Code Ann. § 13-11a-3

108.    Beach Bags re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

109.    Shorehold, by its actions as alleged herein, has caused a likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Beach Bags and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(c).

110.    Shorehold's conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

111.    Beach Bags alleges on information and belief that Shorehold has engaged in deceptive trade practices against Beach Bags with a willful and deliberate disregard of Beach Bags' rights and those of the consuming public.

112.    Shorehold's acts have caused Beach Bags to suffer damage and irreparable harm.

113.    Accordingly, Beach Bags is entitled to injunction and monetary relief against Shorehold, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

## SIXTH CAUSE OF ACTION

### Trademark Infringement Under Utah Code Ann. § 70-3a-101 *et seq.*

114.    Beach Bags re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

25

115.    The Beach Bags Mark has developed a reputation and goodwill for Beach Bags' business and its product and services, and through time, money, and effort, the words have acquired secondary meaning for products and services related to water bladder anchors and systems.

116.    Shorehold has been using the Beach Bags Mark in a way that is sufficiently similar to Beach Bags' use of the Beach Bags Mark to produce confusion among the public purchasing goods and services related to water bladder anchors and systems.

117.    On information and belief, Shorehold's improper use of the Beach Bags Mark has caused confusion as to the source of Shorehold's products and services and is likely to cause continued confusion.

118.    Beach Bags has suffered damages, in an amount to be determined at trial, as a result of the Shorehold's unauthorized use of the Beach Bags Mark.

119.    Beach Bags will continue to suffer damage unless Shorehold is enjoined from continuing to infringe upon its trademark rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Beach Bags respectfully requests that this Court enter judgment in its favor and against Defendant Shorehold as follows:

A.    A judgment that Shorehold has directly infringed, induced infringement of, and contributorily infringed the '435 Patent;

B.    A preliminary and permanent injunction against Shorehold, its officers, principals, agents, servants, employees, attorneys, affiliated entities, assigns, successors in interest, and all persons acting in concert or participation with any of them, enjoining them from further direct infringement, inducement of infringement, and contributory infringement

26

of the '435 Patent, including enjoining the manufacture, use, sale, offer for sale, and importation of the Accused Products and any colorable imitations thereof, and enjoining Shorehold from further encouraging or facilitating infringement by its customers;

C.      An award to Beach Bags of compensatory damages adequate to compensate Beach Bags for Shorehold's infringement of the '435 Patent, including lost profits and/or a reasonable royalty, pursuant to 35 U.S.C. § 284, in an amount to be proven at trial;

D.      An award to Beach Bags of enhanced damages up to three times the actual damages found or assessed, pursuant to 35 U.S.C. § 284, based on Shorehold's willful and deliberate infringement;

E.      Judgment that Shorehold has infringed Beach Bags' rights in the Beach Bags Mark;

F.      Judgment that Shorehold has engaged in deceptive trade practices;

G.      An order granting Beach Bags preliminary and permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a), enjoining Shorehold, its officers, agents, servants, employees, and all those persons and entities acting in concert with any of them from further acts of infringement of Beach Bags' rights in the Beach Bags Mark;

H.      An order granting Beach Bags permanent injunctive relief enjoining Shorehold, its officers, agents, servants, employees, and all those persons and entities acting in concert or participation with any of them, from engaging in deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a);

I.      An award of damages, costs, attorneys' fees, and punitive damages for Shorehold's acts of infringement and unfair competition;

27

J.      An award of damages and disgorgement of Shorehold's profits, in an amount to be proven at trial, pursuant to applicable state statutory and common law, including at least the greater of Beach Bags' actual damages and $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

K.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117, and an award to Beach Bags of its reasonable attorneys' fees, costs, and expenses incurred in this action;

L.      An award of costs and attorneys' fees under Utah Code Ann. § 13-11a-4(2)(c);

M.      Prejudgment and post-judgment interest on all damages awarded; and,

N.      Such other and further relief as this Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Beach Bags hereby demands a trial by jury on all issues so triable.

DATED this 14th day of July, 2026.

BENNETT TUELLER JOHNSON & DEERE

/s/ Jeremy C. Reutzel
Jeremy C. Reutzel

SCHMITT SCHNECK EVEN & WILLIAMS, P.C.
Jeffrey W. Johnson

*Attorneys for Plaintiff*